```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ADAM GORDON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MR. ROSS, et al. | : | NO. 16-1120 |

<u>M E M O R A N D U M</u>

**PAPPERT, J.**                              MARCH   22nd   , 2016

  Plaintiff has filed a <u>pro se</u> 42 U.S.C. § 1983 civil rights complaint against members of the staff at the Philadelphia Industrial Correctional Center. For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e).

  In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. <u>West v. Atkins</u>, 487 U.S. 42 (1988). There are no allegations in plaintiff's complaint that would allow this court to find that plaintiff's constitutional rights have been violated by the defendants. Plaintiff filed this case because he was removed from the computer class at the prison. However, an inmate does not have a due process interest in educational courses. <u>Garza v. Miller</u>, 688 F. 2d 480 (7th Cir. 1982), <u>cert</u>. <u>denied</u>, 459 U.S. 1150 (1983).

  Furthermore, plaintiff's allegation that he was defamed by the computer instructor because he alleged that plaintiff can't read also fails to state a violation of his constitutional rights, as there is no constitutional liberty interest in one's

reputation.  <u>Siegert v. Gilley</u>, 500 U.S. 226, 233-34 (1991).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).  Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.